1

2

3                                                          O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   ARTHUR MICHAEL FERNANDEZ,        )   Case No. CV 08-05044 DDP (SHx)
                                      )
12                  Plaintiff,        )   **ORDER DENYING PLAINTIFF'S *EX***
                                      )   ***PARTE* APPLICATION TO FILE A FIRST**
13         v.                         )   **AMENDED COMPLAINT**
                                      )
14   CITY OF LOS ANGELES; COUNTY      )   [*Ex Parte* Application filed on
     OF LOS ANGELES; LOS ANGELES      )   July 9, 2009]
15   SHERIFF'S DEPARTMENT,            )
                                      )
16                  Defendants.       )
     _____    )
17

18        This matter comes before the Court on Plaintiff Arthur Michael

19   Fernandez's *Ex Parte* Application to File a First Amended Complaint.

20   Defendants City of Los Angeles, County of Los Angeles, and the Los

21   Angeles Sheriff's Department oppose this *ex parte* application.

22        Plaintiff filed this suit on July 31, 2008.  On January 5,

23   2009, the Court issued its Scheduling Order, which set a May 1,

24   2009 deadline within which to amend or join parties.  Dkt. No. 33

25   (January 5, 2009).  On January 5, 2009, Plaintiff also received

26   discovery, including the arrest reports that identified all

27   defendants plaintiff seeks to add to his complaint.  On April 27,

28   2009, Plaintiff's counsel and counsel for the County defendants

1   filed a "stipulation" which sought to continue the deadline to join

2   parties or amend the complaint from May 1, 2009 to May 27, 2009.[1]

3   On May 28, 2009, counsel for Plaintiff filed another "stipulation"

4   that sought to continue the deadline to amend the pleadings to July

5   11, 2009.  City of Los Angeles filed an opposition explaining that

6   the stipulation in fact did not represent a stipulation among all

7   parties.  The Court denied the stipulation on May 29, 2009, and

8   Plaintiff thereafter filed an *ex parte* application seeking an

9   extension of the deadline to amend to July 11, 2009.  The City of

10  Los Angeles opposed the *ex parte* application.  The Court granted

11  Plaintiff's application on June 10, 2009, but included a note that

12  there would be "NO FURTHER CONTINUANCES."  Dkt. No. 48.

13       Plaintiff did not file a noticed motion seeking to join

14  additional parties or amend his Complaint.  Instead, two days

15  before the July 11, 2009 deadline, Plaintiff filed this *ex parte*

16  application seeking leave to amend.  Plaintiff's *ex parte*

17  application provides no explanation as to why Plaintiff could not

18  have filed a regularly noticed motion.  It also does not include as

19  an attachment a copy of the proposed amended pleading as required

20  by the Local Rules of this Court.  C.D. Cal. L.R. 15-1.  Instead,

21  Plaintiff's *ex parte* application cites the Rule 15(a) standard and

22  states the proposed substituted parties in counsel's declaration.

23  See Muller Decl. ¶ 3.  The City of Los Angeles and the County

24  Defendants each filed oppositions to Plaintiff's *ex parte*

25

26

27       [1]In that stipulation, the parties represented that it was a

28  stipulation among all parties and did not list the specific
    entities represented by defense counsel.

2

1    application.  See Dkt. Nos. 56-57 (July 10, 2009).  As of the date
2    of this Order, Plaintiff has not filed a Reply.

3        *Ex parte* relief is generally disfavored when relief may be had
4    through a regularly-noticed motion.  They will only be granted upon
5    an adequate showing of good cause or irreparable injury to the
6    party seeking relief.  Mission Power Eng'g Co. v. Cont'l Cas. Co.,
7    883 F. Supp. 488, 492 (C.D. Cal. 1995).  The moving party must
8    establish that it is without fault in creating the crisis requiring
9    *ex parte* relief or that the crisis occurred as a result of
10   excusable neglect.  Id.  Plaintiff has not made any showing as to
11   why *ex parte* relief is warranted here.  At Plaintiff's request, the
12   Court twice extended the original deadline to more than two months
13   beyond the original May 1 deadline, over the objection of the City
14   of Los Angeles.  All defendants have represented to the Court that
15   the individuals Plaintiff seeks to name in the First Amended
16   Complaint were disclosed to Plaintiff months prior to the original
17   May 1, 2009 deadline.  In these circumstances, the Court cannot
18   find that Plaintiff has shown good cause for *ex parte* relief.

19       The Court therefore denies the application.  Of course,
20   Plaintiff is not precluded from seeking leave to amend his
21   pleadings or join additional parties after the deadline through a
22   regularly noticed motion and in accordance with the proper standard
23   for such relief.  See Fed. R. Civ. P. 16(b); Johnson v. Mammoth
24   Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).
25   IT IS SO ORDERED.

26

27   Dated: July 16, 2009

28
                                 DEAN D. PREGERSON
                                 United States District Judge